**LI LIE NG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–73089.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2014.*

Filed April 11, 2014.

Norman Anthony Lewin, Esquire, Law Offices of Norman Lewin, Woodland Hills, CA, for Petitioner.

OIL, Shahrzad Baghai, Micheline K. Hershey, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Ng, a native and citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) decision denying her application for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's determination that the incidents Ng experienced (the burning of her family home and suffering a burn to her leg) in Indonesia during the May 1998 riots, even considered cumulatively, did not rise to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir.2009) (harassment, threats, and one beating did not compel finding of past persecution). Further, the record does not compel a conclusion different from the BIA's determination that Ng's sister's rape, while deplorable, was not based on a pattern of persecution related to Ng herself. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir.2009).

Substantial evidence also supports the BIA's conclusion that Ng failed to present evidence of an individualized risk of future persecution based on a disfavored group analysis, and thus that she did not establish a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc) (holding that petitioner was ineligible for asylum in part because she presented no evidence of individualized risk of future

persecution). Ng did not present any evidence that she or members of her family were individually targeted. The only incident of persecution was based on the civil unrest that targeted all ethnic Chinese, which occurred during the May 1998 riots.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Ng failed to raise her claims for withholding of removal and protection under CAT in her opening brief. Therefore, she waived those

issues. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).